**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

                                                           **16-CR-63V**

      **-v-**

**OLIVER KIMMONS,**

            **Defendant.**

_____

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions. Dkt. #12.

The defendant, Oliver Kimmons, was charged, along with defendant Kathlyn Ventura, in a criminal complaint with possession with intent to distribute heroin and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Dkt. #1.

An indictment was returned on May 31, 2016, charging Oliver Kimmons with possession with intent to distribute Fentanyl, heroin and cocaine, as well as maintaining a drug-involved premises, in violation of 21 U.S.C. §§ 841(a)(1) and 856(a)(1). Dkt. #11.

A superseding indictment returned on March 21, 2017, added counts of conspiracy to distribute heroin and fentanyl, in violation of 21 U.S.C. § 846,

possession with intent to distribute heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1), and sex trafficking, in violation of 18 U.S.C. §§ 1591(a) and 1591(b)(1).  Dkt. #37.

By Report, Recommendation and Order entered January 10, 2018, the Court recommended denial of defendant's motion to suppress evidence and dismiss the indictment.  Dkt. #54.

A second superseding indictment returned on April 12, 2018, added a count of distribution of fentanyl causing death, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2.  Dkt. #62. *In toto*, Count 3 charges:

**(Distribution of Fentanyl Causing Death)**

**The Grand Jury Further Charges That:**

On or about January 30, 2015, in the Western District of New York, the defendant, **OLIVER KIMMONS a/k/a Ollie a/k/a Ali,** did knowingly, intentionally, and unlawfully possess with the intent to distribute, and distribute, a quantity of fentanyl, a Schedule II controlled substance, and the death of H.C., a person known to the Grand Jury, resulted from the use of such substance.

**All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2.**

Dkt. #62.

A motion to sever the sex trafficking counts from the drug charges remains pending before the district judge.  Dkt. #42.

Currently before this Court is defendant's motion to dismiss Count 3 of the second superseding indictment in accordance with Rule 12(b)(3)(A)(iv) of the Federal Rules of Criminal Procedure on the ground that:

> The government appears to have instituted a selective prosecution by allowing Ms. Ventura who is alleged by the government to be directly responsible for the overdose death to avoid a prosecution or conviction in this matter,[1] while pursuing the charge against the defendant who, upon information and belief, is not alleged to have sold drugs to H.C.

Dkt. #69-1, ¶ 38.  Defendant also moves to dismiss Count 3 of the second superseding indictment in accordance with Rule 12(b)(3)(A)(v) of the Federal Rules of Criminal Procedure on the ground that there was an error in the grand jury proceeding, *to wit*, "[u]pon information and belief, the evidence presented to the grand jury primarily related to a purchase of a narcotic by H.C. from Ms. Ventura." Dkt. #69-1, ¶ 39.  Defendant also argues that, having been afforded the opportunity by the government to review certain materials related to Count 3, "it does not appear that evidence would establish that H.C.'s death would not have occurred but for the transaction [between] her and [Ms. Ventura]." Dkt. #69-1, ¶¶ 37 & 45.

The government responds that although it has provided the defense access to some *Jencks* material, it has a duty to protect witnesses and no obligation to disclose statements a government witness has provided to law enforcement agents prior to

---

[1] Defendant attaches a copy of a press release from the U.S. Attorney's Office dated March 8, 2018 that identifies Kathlyn Ventura as having
> met with an individual identified as H.C. at a bowling alley in Lockport, New York and sold drugs to H.C. H.C. died hours later from a fentanyl overdose.

Dkt. #69-1.  According to the press release, Ms. Ventura pled to a conspiracy charge with a maximum penalty of 20 years in prison (Dkt. #69-2), while Count 3 sets a mandatory minimum of 20 years imprisonment.  Dkt. #69-1, ¶ 35.

3

completion of direct testimony by that witness at trial.  Dkt. #70, p.3.  The government further responds that the grand jury had probable cause to indict the defendant on Count 3 for causing the death of H.C. Dkt. #70, p.3.

### Grand Jury Proceedings

Rule 12(b) of the Federal Rules of Criminal Procedure provides that "[a]ny defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion." The "general issue in a criminal trial is, of course, whether the defendant is guilty of the offense charged." *United States v. Doe*, 63 F.3d 121, 125 (2d Cir. 1995). Thus, while a court can dismiss an indictment pretrial for legal deficiencies, it cannot invade the province of the ultimate finder of fact. *United States v. Hoskins*, 73 F. Supp.3d 154, 161 (D.Ct. 2014). "Unless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial . . . the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." *United States v. Perez*, 575 F.3d 164, 166-67 (2d Cir. 2009), *quoting United States v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir. 1998), *cert. denied*, 559 U.S. 1049 (2010). To hold otherwise, *i.e.*, if indictments could be challenged pretrial on the ground of inadequate of incompetent evidence, a defendant would be entitled to a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury, which would contradict the rule that an indictment need not contain all of the government's anticipated evidence at trial, but must do little more than track the language of the statute charged and state the approximate time and place of the alleged crime. *Costello v. United States*, 350 U.S. 359, 363 (1956).  It is, therefore, "axiomatic that, in a criminal case, a defendant may not challenge a facially valid indictment prior to trial for insufficient

evidence." *United States v. Gambino*, 809 F. Supp. 1061, 1079 (S.D.N.Y. 1992).  As the government has not proffered all of the evidence it intends to produce at trial, it would be inappropriate to dismiss Count 3 of the indictment based on the defendant's speculation that the government will not be able to meet its burden of proof at trial.

### Selective Prosecution

"A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution." *United States v. Armstrong*, 517 U.S. 456, 463 (1996).  A defendant claiming selective prosecution bears a heavy burden of demonstrating that the decision to prosecute had both a discriminatory effect, *to wit*, similarly situated individuals of a different class were not prosecuted, and a discriminatory purpose, *to wit*, the decisionmaker chose to pursue a particular course of action at least in part because of its adverse effects upon an identifiable group.  *United States v. Alameh*, 341 F.3d 167, 173 (2d Cir. 2003).  To support this defense, a defendant must make at least a *prima facie* showing both that others similarly situated have not generally been prosecuted for conduct forming the basis of the charge against defendant and that the government's selection of the defendant for prosecution was based upon impermissible considerations such as race, religion, or the desire to prevent the defendant from exercising his constitutional rights.  *United States v. Fares*, 978 F.2d 52, 59 (2d Cir. 1992); *United States v. Berrios*, 501 F.2d 1207, 1211 (2d Cir. 1974).  In the instant case, defendant has not demonstrated that he is similarly situated to Ms. Ventura, that the government does not generally charge distribution of controlled substances resulting in death, or that the decision to charge defendant, but not Ms. Ventura, with the death was based on a constitutionally

impermissible reason. Accordingly, it is recommended that defendant's motion to dismiss Count 3 on the ground of selective prosecution be denied.

Therefore, based on the foregoing, it is recommended that defendant's motion to dismiss Count 3 of the second superseding indictment (Dkt. #69), be denied.

It is further **ORDERED,** pursuant to 28 U.S.C. § 636(b)(1), that:

This Report, Recommendation, and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation, and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with Federal Rule of Criminal Procedure 59(b)(2) and Local Rule of Criminal Procedure 59(c)(2).

The parties are reminded that, pursuant to Rule 59 of the Local Rules of Criminal Procedure for the Western District of New York, "written objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Local Rule 59 may result in the District Judge's refusal to consider the objection.**

The District Judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been but were not presented to the Magistrate

Judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988). Local Rule 59(c)(3) mandates that "[a]ny party filing objections to a Magistrate Judge's order or recommended disposition must include with the objections to the District Judge a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge."

**SO ORDERED.**

DATED:    Buffalo, New York
             November 5, 2018

<u>  *s/H. Kenneth Schroeder, Jr.*</u>
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**